UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| WACO HIPPODROME INC., | § | |
| | § | |
| PLAINTIFF, | § | |
| | § | |
| v. | § | CIVIL NO. 6:22-cv-349-ADA-DTG |
| | § | |
| CENTRAL MUTUAL INSURANCE | § | |
| COMPANY D/B/A CENTRAL | § | |
| INSURANCE, THE TINES GROUP, INC., | § | |
| AND NATIONAL INFORMATION AND | § | |
| COMMUNICATIONS EQUIPMENT | § | |
| NETWORK, INC. D/B/A NICE | § | |
| NETWORK, INC., | § | |
| | § | |
| DEFENDANTS. | § | |

## ORDER ON DISCOVERY HEARING

On May 16, 2024, the Court considered the Parties' Discovery Dispute, and the Court, having considered said dispute, and after hearing the arguments of counsel, finds that the following relief should be GRANTED.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that:

1) Central must produce, by May 23, 2024, the full Claim File and Guidebook, including the Best Practices Guide, without redactions for relevance or confidentiality. Central may redact for privilege, but must note the privilege in the redaction box and log the withheld portion on the privilege log;

2) Central must produce, by May 23, 2024, all versions of the Guidebook that have existed from February 2021 to May 1, 2024;

3) Regarding subrogation information, Central must produce, by May 23, 2024, all subrogation information and documents found in the Claim File. Central also must produce any information from the ERCOT subrogation lawsuit that specifically references Plaintiff Waco Hippodrome, Inc., or its claim. Central need not produce documents from the ERCOT lawsuit that do not specifically reference Plaintiff or its

    claim;

4) Reserves—Central has agreed to produce this information and must do so by May 23, 2024;

5) The continued deposition of Central's Corporate Representative will occur via Zoom with all exhibits shared via a secure link with the court reporter. The deposition will occur on one of the dates previously identified by Central. The parties are instructed to contact the Court if any disputes arise during the deposition.

6) The deposition of Caroline Isenberg (formerly Caroline Veahman) will occur via Zoom with all exhibits being shared via a secure link with the court reporter. The deposition will occur on one of the dates previously identified by Central. The parties are instructed to contact the Court if any disputes arise during the deposition.

7) The deadline for parties with the burden of proof to designate expert witnesses and to comply with Rule 26(a)(2)(B) is extended to June 26, 2024.

8) The deadline for parties to designate rebuttal expert witnesses on issues for which the parties do not bear the burden of proof, and to comply with Rule 26(a)(2)(B), is extended to July 31, 2024.

9) The expert discovery deadline and the deadline for any objections to the reliability of an expert's proposed testimony under Federal Rule of Evidence 702 is extended to August 16, 2024.

10) The Parties are Ordered to meet-and-confer on the remaining scheduling order deadlines and submit an Agreed Motion for a Third Amended Scheduling Order listing all agreed remaining deadlines. If the parties cannot agree on all deadlines, the Motion shall be titled an Opposed Motion for a Third Amended Scheduling Order and include separate columns for each parties proposed dates.

SIGNED this 23rd day of May, 2024.

                                                                   DEREK T. GILLILAND
                                                                   UNITED STATES MAGISTRATE JUDGE