UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| WACO HIPPODROME INC., | § | |
| | § | |
| PLAINTIFF, | § | |
| | § | |
| v. | § | CIVIL NO. 6:22-cv-349 |
| | § | |
| CENTRAL MUTUAL INSURANCE | § | |
| COMPANY D/B/A CENTRAL | § | |
| INSURANCE, THE TINES GROUP, INC., | § | |
| AND NATIONAL INFORMATION AND | § | |
| COMMUNICATIONS EQUIPMENT | § | |
| NETWORK, INC. D/B/A NICE | § | |
| NETWORK, INC., | § | |
| | § | |
| DEFENDANTS. | § | |

## ORDER ON DISCOVERY HEARING

On August 9, 2024, the Court considered the issues presented in Plaintiff's Discovery Dispute Chart submitted on July 19, 2024, (attached to this Order as Exhibit A), and the Court, having considered said disputes, and after hearing the arguments of counsel, finds that Plaintiff's requested relief should be GRANTED in part and DENIED in part as follows.

IT IS ORDERED, ADJUDGED AND DECREED that:

1) Central Mutual Insurance Company ("Central") must produce, by Friday, August 16, 2024:

    a) The complete training file for Caroline (Veahman) Isenberg, including without limitation all records of training attended or completed by the same.

    b) All documents concerning training provided to Caroline (Veahman) Isenberg concerning Central's Best Practices Guidebook.

    c) All documents concerning training provided to Caroline (Veahman) Isenberg concerning the Policy.

      d) All documents concerning training, if any, contained in Caroline (Veahman) Isenberg's personnel file

All other relief requested in Plaintiff's Discovery Chart #4 is DENIED.

SIGNED this 20th day of August, 2024.

                                                                                 JUDGE PRESIDING

**EXHIBIT A**

| WACO HIPPODROME, INC.'S DISCOVERY DISPUTE CHART |||
|---|---|---|
| **Issue** | **Hippodrome's Position** | **Central Insurance's Position** |
| **1. Training Materials for Central's Claims Handler(s) on this Claim**<br><br>Whether Central must produce the personnel file, training file and documents concerning training provided to the Central Claims File Handler(s) working on this specific Claim | Plaintiff has made a claim for breach of contract and bad faith in connection with the manner in which the Claim was handled and/or adjusted Central's claims handlers (ECF 1).  In connection with this claim, Plaintiff proffered an expert report substantiating Plaintiff's claim that Central's claims handlers actions fell below the standard of care or otherwise violate Central's own internal policies or the Policy itself.  *See* **Ex.1**.<br><br>Plaintiff served discovery requests seeking the personnel file of the primary claims handler on this Claim, and documents concerning the training Central provided to all three claims handlers assigned to this specific Claim.  *See* **Ex.2** (RFP1-7).  In response, Central lodged a litany of generic objections and failed to produce any documents, citing *Dizdar v. State Farm Lloyds*, 2015 WL 12780640 at *6-7 (S.D. Tex. Jan. 21, 2015).  This case is clearly distinguishable from the present case.  *Id.*<br><br>Plaintiff requests these documents in order to evaluate the extent to which the subject claims handler(s) were not properly trained or supervised, or whether the subject claims handler(s) simply failed or refused to follow Central's internal policies, procedures and the Policy itself. | Central stands by its discovery objections issued on July 15, 2024.  Central disputes that it provided generic discovery objections and maintains its valid objections to Plaintiff's recent discovery requests.  As an initial matter, Texas courts have historically rejected requests regarding training or personnel files, finding that such requests are an impermissible fishing expedition.  *In re Nat'l Lloyds Ins. Co.*, 2014 WL 5785871, at *2 (Tex. Oct. 31, 2014); *Gutierrez v. State Farm Lloyds*, No. 7:14-CV-430, 2015 WL 13188353, at *7 (S.D. Tex. Jan. 22, 2015).<br><br>Further, the Texas Supreme Court has recognized that requests for materials unrelated to the dispute at issue, in the hope that they might reveal some additional wrongdoing by a defendant, are facially overbroad and improper.  *In re Nat'l Lloyds Ins. Co.*, 449 S.W.3d at 488–89; *see also Dizdar v. State Farm Lloyds*, No. 7:14-CV-402, 2015 WL 12780640, at *6 (S.D. Tex. Jan. 21, 2015); *Guiterrez v. State Farm Lloyds*, No. 7:14-CV-430, 2015 WL 13188353, at *6 (S.D. Tex. Jan. 21, 2015); *Reyna v. State Farm Lloyds*, No. 7:14-CV-420, 2015 WL 12940021, at *6 (S.D. Tex. Jan. 8, 2015).<br><br>Moreover, as a result of Plaintiff's repeated breach of the confidentiality and protective order [ECF No. 16], resulting in irreparable harm, Central |

| WACO HIPPODROME, INC.'S DISCOVERY DISPUTE CHART | | |
|---|---|---|
| **Issue** | **Hippodrome's Position** | **Central Insurance's Position** |
|  | **Requested Relief**<br><br>Central Insurance must within three (3) days of this Order:<br><br>1) Produce the personnel file for Caroline (Veahman) Isenberg, excluding any confidential financial information in response to Plaintiff's Request for Production No. 1.<br><br>2) Produce the complete training files and all documents concerning training provided to Caroline (Veahman) Isenberg, Steve Hope and Scott Mull, including any training concerning Central's Best Practices Guidebook previously produced in this case, in response to Plaintiff's Request for Production Nos. 2-7. | objects to the production of any additional confidential documents, as information in a person's personnel file would include (by its very nature) sensitive, private, and extremely confidential information and Plaintiff's counsel has demonstrated that it is incapable of complying with the protective order in this matter, and thus, the production of these materials (as well as any other Confidential information) should be prohibited.<br><br>**Relief Requested:**<br><br>Defendant respectfully requests that this Court deny Plaintiff's requested relief in its entirety and determine that Defendant has complied with Plaintiff's discovery requests dated June 14, 2024. Defendant further requests, per its Motion to Enforce, that Plaintiff is precluded from obtaining and utilizing any confidential documents in the present litigation for violating the protective order in place in this matter. |
| **2. The level of activity by Claims Handlers on this Claim from January 2021-October 2022**<br><br>Whether Central must | Plaintiff has made a claim for breach of contract and bad faith in connection with the manner in which the Claim was handled and/or adjusted Central's claims handlers (ECF 1). In connection with this claim, Plaintiff proffered an expert report substantiating Plaintiff's claim that Central's claims handlers actions fell below the standard of care or otherwise violate Central's own internal policies or the Policy itself. *See* **Ex.1**. Plaintiff's | Central stands by its discovery objections issued on July 15, 2024. The request is patently overbroad and is a fishing expedition and will not lead to the discovery of relevant materials in this matter. Moreover, the discovery request does not meet the proportionality requirements of the Federal Rules of Civil Procedure. Texas courts have routinely found that information regarding other claims |

| WACO HIPPODROME, INC.'S DISCOVERY DISPUTE CHART | | |
|---|---|---|
| **Issue** | **Hippodrome's Position** | **Central Insurance's Position** |
| produce information and documents for all claim file log entries made by the claims handler(s) assigned to this Claim during the time period in which this Claim was being adjusted | retained, testifying expert indicated that one reason the subject claims handler(s) failed to properly handler the Claim may have because the subject claims handler(s) were overwhelmed by the number of claims Central assigned to each claims handler during the relevant time period. *Id.* There was also testimony from the primary claims handler indicating this Claim was re-assigned to another claims handler due to volume concerns. *See* **Ex.3**.<br><br>Plaintiff served discovery requests seeking all claim file log entries for the claims handlers assigned to this Claim *See* **Ex.2** (Rog 11, RFP12-14). In response, Central lodged a litany of generic objections and failed to produce any documents, citing the *Columbia Mut. Ins. Co. v. Kerrville Prof'l. Prop., Ltd.,* 2017 WL 7805755 at *5 (W.D. Tex. July 12, 2017) case in support. *Id.* This case, and its progeny, is clearly distinguishable from the present case. *Id.*<br><br>In connection with its theory in this case, Plaintiff needs information concerning the level of activity for each claims handler assigned to this Claim during the relevant time period. Central maintains a database of claim file log entries tracking all activity/access to each claim file by user. It appears that a report could be run by user in order to produce a document containing each log entry for the subject claims handler(s) chronologically such that Plaintiffs expert could evaluate | and insureds is irrelevant to the claim at issue before a court. *See Columbia Mut. Ins. Co. v. Kerrville Prof'l. Prop., Ltd.,* 2017 WL 7805755 at *5 (W.D. Tex. July 12, 2017).<br><br>The Western District Court appropriately noted in *Columbia* that separate claims typically arise out of "entirely different factual contents" and can "involve different policy terms or a different type of policy," making discovery requests like Plaintiff's wholly inappropriate for the needs of this case. *See id.* at *5. Thus, requesting all claim file logs for separate, unrelated claims, which likely include confidential information regarding Central's insureds, is an impermissible fishing expedition, calls for irrelevant information, and is not reasonably calculated to lead to the discovery of admissible evidence. Because this discovery issue undoubtedly calls for disclosure of confidential and proprietary information, and Plaintiff has failed to comply with the Court's protective order, Central objects to the production of any additional confidential documents.<br><br>**Relief Requested:**<br><br>Defendant respectfully requests that this Court deny Plaintiff's requested relief in its entirety and determine that Defendant has complied with Plaintiff's discovery requests dated June 14, 2024. Defendant further requests, per its Motion to Enforce, |

| WACO HIPPODROME, INC.'S DISCOVERY DISPUTE CHART | | |
|---|---|---|
| **Issue** | **Hippodrome's Position** | **Central Insurance's Position** |
| | whether Central had assigned too many claims to each claims handler.<br><br>**Requested Relief**<br><br>Central Insurance must within three (3) days of this Order:<br><br>1) Provide a complete response to Plaintiff's Interrogatory No. 11.<br><br>2) Produce all demand letters, petitions or complaints sent or filed against Central by any insured identified in CMIC0003801-3838 in response to Plaintiff's Request for Production Nos. 12-14. | that Plaintiff is precluded from obtaining and utilizing any confidential documents in the present litigation for violating the protective order in place in this matter. |
| **3. Similar Claims or Complaints made against Central during the Relevant Time Period**<br><br>Whether Central must produce notice of claims, demand letters, petitions or | Plaintiff has made a claim for breach of contract and bad faith in connection with the manner in which the Claim was handled and/or adjusted Central's claims handlers (ECF 1).  In connection with this claim, Plaintiff proffered an expert report substantiating Plaintiff's claim that Central's claims handlers actions fell below the standard of care or otherwise violate Central's own internal policies or the Policy itself.   *See* **Ex.1**.  Central previously produced documents identifying insureds who made some type of property damage/business loss claim in connection with the Winter Storm. *See* **Ex.4** (CMIC0003801-3838). | Central stands by its discovery objections issued on July 15, 2024. Similar to the foregoing issues, this Request calls for confidential information regarding separate and unrelated claims. The demand letters, petitions, or complaints that Plaintiff seeks are irrelevant to the disputed issued in this matter. Central incorporates its response to Issue No. 2.<br><br>Central further states that the previously produced documents (CMIC0003801-3838) related to a specific request for information related to a **subrogation lawsuit** |

| WACO HIPPODROME, INC.'S DISCOVERY DISPUTE CHART | | |
|---|---|---|
| **Issue** | **Hippodrome's Position** | **Central Insurance's Position** |
| complaint by insured(s) against Central for losses incurred similar to Plaintiff's losses due to the Winter Storm | Plaintiff served discovery requests seeking any demand letters, petitions or complaints made or filed against Central by any insured identified in CMIC0003801-3838. *See* **Ex.2** (RFP10-11, Rog12).  In response, Central lodged a litany of generic objections and failed to produce any documents, citing the *Columbia Mut. Ins. Co. v. Kerrville Prof'l. Prop., Ltd.,* 2017 WL 7805755 at *5 (W.D. Tex. July 12, 2017) case in support. *Id.*  This case, and its progeny, is clearly distinguishable from the present case.<br><br>Plaintiff is only seeking demand letters, petitions or complaints made against Central which have already been linked to the present case by Central because of their similarity and during a very specific period and geographic location.  *See* **Ex.4**.  Plaintiff has already established facts concerning Central's mis-handling of the present claim and re-assignment of the claim from one handler to another due to volume.  *See* **Ex.1**.  Under these specific circumstances, Plaintiff entitled to discovery of any other similar claims for breach of contract and bad faith made against Central related to the handling of similar property damage claims resulting from the same Winter Storm.<br><br>**Requested Relief** | involving Central, and that by producing this document, Central in no way waived its right to withhold information of other insureds – per the express terms of the protective order, and the production was a single document in the subrogation file – it was not the production of each of those insured's claim files.<br><br>The request is thus, an overbroad fishing expedition and should be denied.<br><br>**Relief Requested:**<br><br>Defendant respectfully requests that this Court deny Plaintiff's requested relief in its entirety and determine that Defendant has complied with Plaintiff's discovery requests dated June 14, 2024. Defendant further requests, per its Motion to Enforce, that Plaintiff is precluded from obtaining and utilizing any confidential documents in the present litigation for violating the protective order in place in this matter. |

| WACO HIPPODROME, INC.'S DISCOVERY DISPUTE CHART | | |
|---|---|---|
| **Issue** | **Hippodrome's Position** | **Central Insurance's Position** |
| | Central Insurance must within three (3) days of this Order:<br><br>1) Provide a complete response to Plaintiff's Interrogatory No. 12.<br><br>2) Produce all demand letters, petitions or complaints sent or filed against Central by any insured identified in CMIC0003801-3838 in response to Plaintiff's Request for Production Nos. 10-11.<br><br>**Requested Global Relief**<br><br>1) Plaintiff be provided an opportunity to amend or supplement its expert witness designations and reports following Central's compliance with document production and interrogatory responses. | |