UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| **WACO HIPPODROME INC.,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | CIVIL NO. 6:22-CV-00349-ADA-DTG |
| | § | |
| **CENTRAL MUTUAL INSURANCE COMPANY,** | § | |
| | § | |
| **Defendant.** | § | |

## ORDER DENYING MOTION TO COMPEL APPRAISAL AND ABATEMENT (ECF No. 40)

Before the Court is Plaintiff's Motion to Compel Appraisal and Abatement (ECF No. 40). That Motion has been fully briefed, and oral argument was presented to the Court on October 23, 2024. After a review of the briefs, the applicable law, and arguments of counsel, the Court **DENIES** Plaintiff's Motion (ECF No. 40).

### I.  FACTUAL BACKGROUND

This lawsuit relates to a claim for damages caused by a winter storm that hit Waco around February 18, 2021. ECF No. 40 at 1. Plaintiff operated the Waco Hippodrome theater and had a commercial property insurance policy from Defendant at the time of the storm. *Id*. That storm caused a significant amount of property damage that interrupted Plaintiff's business, and Plaintiff asserted a claim for the damages.

The present lawsuit is part of a claim dispute that has been going on since 2021. Plaintiff first notified Defendant about a claim for benefits on February 22, 2021. ECF No. 50 at 2. Defendant inspected the property on February 24, 2021, and April 28, 2021. *Id*. Plaintiff originally filed suit against Defendant on October 5, 2021. *Id*. The parties agreed to dismiss that original lawsuit without prejudice, so Defendant could complete its investigation, inspections,

and adjustment of the Claim. *Id*. at 3. Following that dismissal, Defendant performed two additional inspections of the property, one on January 12, 2022, and one on February 8, 2022. *Id*. The parties were still unable to reach an agreement about the cause, extent, and amount of insured loss caused by the storm. As a result, Plaintiff filed this lawsuit on April 1, 2022. *Id*. Defendant filed an Answer on July 20, 2022. Defendant denied that Plaintiff had satisfied all conditions precedent, asserted twenty affirmative defenses, and asserted a reservation of rights including its right to request an appraisal. ECF No. 7. Defendant's affirmative defenses included a challenge as to whether any of the damages were even covered under the policy. *Id*. at ¶¶128-130, 136-143 ("a bona fide controversy exists regarding…the existence of any covered loss or damage.").

The present lawsuit has been thoroughly litigated. Since the current complaint was filed on April 1, 2022, and the filing of the present Motion, the parties engaged in nearly two years of discovery and pretrial preparations. Discovery started on September 16, 2022, and the parties have jointly agreed to extend the schedule four times to allow for additional discovery and depositions. ECF No. 50 at 4. The parties mediated the case on September 12, 2023. *Id*. The day before the mediation, Plaintiff provided Defendant with a preliminary expert report estimating Hippodrome's lost profits to be $1,980,690. ECF No. 53 at 2. That mediation was unsuccessful.

Very late in discovery, Defendant raised a demand for appraisal. On February 5, 2024, Defendant deposed Plaintiff's corporate representative. ECF No. 50 at 5. Shortly after that deposition, Defendant received additional information that it alleges allowed it to estimate Plaintiff's lost business income. ECF No. 40 at 3. Nearly two months later, on April 11, 2024, Defendant sent Plaintiff a proof of loss form and an alternative demand for appraisal. *Id*. Even then, Defendant admits it's appraisal would not resolve all of the parties' disputes and made its

appraisal "subject to a complete reservation of rights… including the right to deny coverage for all or any part of any appraisal award…." ECF No. 50-7 at 4. Plaintiff immediately notified Defendant that it was opposed to an appraisal and abatement. ECF No. 50 at 5. Defendant then waited over two months to file the present Motion, which was filed just over a month before discovery was set to close and three months before the scheduled trial date. The same day Defendant filed the present Motion, Plaintiff served its expert report setting its maximum lost business income damages at $1,835,864—within $100,000 of its preliminary expert report. *Compare* ECF No. 49 at 4 n.15 *with* ECF No. 53 at 2. Thoruoghout these entire proceedings, Defendant never tendered any payment to Plaintiff—even for amounts that were undisputed.

Defendant's Motion asks the Court to compel Plaintiff to participate in the appraisal process and abate the case until that process concludes. Defendant has since clarified its position on abatement and seeks an abatement only of the trial setting. ECF No. 88 at 17. Plaintiff argues that the Motion to Compel Appraisal and Abate Litigation should be denied because Defendant waived its right to appraisal, regardless of the Motion fact issues exist that will still need to be decided by a jury, Defendant materially breached the policy, and abatement is not appropriate when questions of coverage and extra-contractual claims exist. ECF No. 50 at 8.

## II.     DISCUSSION

A decision on Defendant's Motion to Compel Arbitration comes down to whether Defendant waived its right to an appraisal. Texas law give a trial court discretion over the timing of appraisal. *State Farm Lloyds v Johnson*, 290 S.W.3d 886, 888 (Tex 2009). Waiver is often a question of fact, but where the facts are admitted or clearly established, it becomes a question of law. *McCrackin v. Meridian Sec. Ins. Co.,* No. 4:22-CV-02430, 2023 WL 4139024, at *2 (S.D. Tex. 2023). When an insurance policy is silent as to the deadline to invoke an appraisal clause,

Texas law requires that a demand for appraisal be made within a reasonable time. *Skypac Corp. v. Great Lakes Reinsurance (UK) SE*, No. 1:16-CV-115, 2016 WL 9414096, at *2 (E.D. Tex. Dec. 16, 2016. Whether the amount of time was reasonable is measured from the time an impasse was reached, and whether that amount of time caused prejudice to the party not seeking appraisal. *Id*. An impasse occurs when the Parties reach a mutual understanding that neither side will negotiate further. *Id*.

The Court finds that Defendant has waived its right to an appraisal. The Court finds that while the parties likely reached an impasse upon the filing of a second lawsuit[1], they definitely reached an impasse on September 12, 2023, at the conclusion of the failed mediation. Since then, Defendant failed to make any offers to Plaintiff for the property losses and no further negotiations have occurred. ECF No. 50. Here the failed mediation occurred seventeen months after filing suit, much farther into the litigation than the mediation that supported a finding of an impasse in the *611 Carpenter* case. *611 Carpenter LLC v. A. Cas. Ins. Co*., No. 1:23-CV-00823-DII, 2024 WL 2278708, at *3 (W.D. Tex. May 20, 2024) (finding the failure of formal mediation five months after Plaintiff filed suit to mark the point of impasse). Notably, the preliminary damages report that Plaintiff provided to Defendant for the failed mediation was relatively close to the final damages report Plaintiff provided Defendant at the expert deadline. Rather than seek an appraisal immediately after the failed September 12, 2023, mediation, Plaintiff waited five

---

[1] The caselaw supports a finding of impasse upon the filing of this lawsuit because the original suit was dismissed to allow Defendant to complete inspections and adjust the claim, yet the parties were still unable to come to any agreement. *See, e.g., Skypac Corp,* Skypac Corp. v. Great Lakes Reinsurance (UK) SE, No. 1:16-CV-115, 2016 WL 9414096, at *2 (E.D. Tex. Dec. 16, 2016) (finding impasse occurred at the filing of the lawsuit). Because this suit was filed seventeen months before the failed mediation, measuring from the filing of this suit would exacerbate any prejudice or delay.

months to raise the issue and an additional two months to file this Motion. Such conduct demonstrates a waiver of the right to seek an appraisal.

By waiting until the close of fact discovery and three months before trial to file its Motion, the Defendant has increased the prejudice that granting the Motion would create. The parties have engaged in substantial discovery much of which required extensions of the scheduling order, and the Court has held numerous hearings on the parties' disputes. Plaintiff has disclosed all of its experts opinions, and incurred over $200,000 in expert witness fees alone. ECF No. 50 at 11. Defendant's conduct is entirely inconsistent with a desire to assert the appraisal clause and seek the benefits that would have come from it.

The Court finds the facts of this case analogous to those in *Skypac Corp. v. Great Lakes Reins. (UK) SE*, No. 1:16-CV-115, 2016 WL 9414096 (E.D. Tex. Dec. 16, 2016), which held that the right to appraisal was waived when the parties had "spent significant finances in nearly nine months of litigation in both state and federal court," and both parties had "designated experts … filed final amended pleadings, and have almost completed discovery". *Id*. at *2. The Court agrees that this delay caused significant prejudice to Plaintiff, as it has expended significant resources in prosecuting this case.

Accordingly, the Court finds that Plaintiff has met its burden to show that a significant delay has passed since the time the impasse was reached, which has (and would continue to) prejudice Plaintiff were it now required to engage in the appraisal process.

III. **CONCLUSION**

**IT IS THEREFORE ORDERED** that Defendant's Motion to Compel Appraisal and Abatement (ECF No. 40) is **DENIED**.

SIGNED this 28th day of January, 2025.

                                                DEREK T. GILLILAND
                                                UNITED STATES MAGISTRATE JUDGE