UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| **WACO HIPPODROME INC.,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CIVIL NO. 6:22-CV-00349-ADA-DTG** |
| | § | |
| **CENTRAL MUTUAL INSURANCE** | § | |
| **COMPANY,** | § | |
| | § | |
| **Defendant.** | § | |

## ORDER MOOTING-IN-PART AND DENYING-IN PART MOTION
## TO ENFORCE PROTECTIVE ORDER AND MOTION FOR SANCTIONS (ECF No. 52)

Before the Court is Defendant's Motion to Enforce the Confidentiality and Protective Order and Motion for Sanctions (ECF No. 52). As no response or reply was filed, the Court inquired on the status of the Motion at the August 9, 2024 Discovery Hearing. The parties represented that the portion of the Motion relating to the Enforcement of the Protective Order was **MOOT** but disputed whether sanctions were warranted. FTR 10:50:00.[1] For the reasons that follow, the Court **DENIES** Defendant's Request for Sanctions.

## I.    BACKGROUND

Defendant contends that Plaintiff failed to follow the Protective Order when it disclosed two types of confidential information—deposition excerpts and an expert report—as exhibits to two opposition Motions it filed. The Confidentiality and Protective Order ("Protective Order") in this matter allows the parties to designate certain documents and information as "Confidential." ECF No. 16. The Protective Order requires all deposition transcripts to be treated as confidential

---

[1] As a written transcript for the August 9, 2024 Discovery Hearing has not been prepared, citations herein refer to the Court's recording system, For the Record ("FTR").

for the first thirty (30) days after receipt of a transcript to allow a party to designate specific page and line numbers of the transcript as confidential within that 30-day period. ECF No. 16 at 4. If a party uses confidential information as part of a pleading, the Protective Order requires the party to either: (1) file a redacted copy of the material, (2) provide the material for in camera review, or (3) file the material under seal. *Id.* at 6. If the parties have a dispute about confidentiality designations, the Protective Order provides a process for objecting and a 14-day window for the designating party to file a motion to preserve the confidential designation of the information. ECF No. 16 at 6.

## II.    LEGAL STANDARD

Defendant requests sanctions under Federal Rule of Civil Procedure 16. Rule 16 incorporates Rule 37 and its authority to issue sanctions for failing to comply with a Court Order. Fed. R. Civ. P. 16(f)(1)(C) ("the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney . . . fails to obey a scheduling or other pretrial order."). ECF No. 52 at 6. The Fifth Circuit permits Rule 37 sanctions for violations of protective orders. *Smith & Fuller, P.A. v. Cooper Tire & Rubber Co.,* 685 F.3d 486, 489 (5th Cir. 2012) (upholding an award of sanctions against plaintiff's counsel for violating a protective order by including defendant's confidential and trade secret information in a conference presentation to other lawyers). Courts have broad but not unlimited discretion under Rule 37(b) to fashion remedies suited to the misconduct. *Pressey v. Patterson*, 898 F.2d 1018, 1021 (5th Cir. 1990) (reversing the striking of a defendant's answer when the evidence did not support a finding of bad faith or willfulness and the trial court failed to consider lesser sanctions). A finding of bad faith or willful misconduct is necessary to support the most severe remedies under Rule 37(b). *Id.* The sanction imposed should be the least severe sanction

adequate to achieve the proper functions of Rule 37(b)(2) under the particular circumstances. *Samsung Elecs. Am., Inc. v. Yang Kun Chung*, 321 F.R.D. 250, 279 (N.D. Tex. 2017). The imposition of sanctions is a matter of discretion for the district court. *Shipes v. Trinity Industries*, 987 F.2d 311, 323 (5th Cir. 1993).

## III.  ANALYSIS

Defendant first argues that Plaintiff improperly attached confidential deposition excerpts and an expert report to its Response to Defendant's Motion for Leave (ECF No. 45). ECF No. 52 at 3. Plaintiff's response included excerpts from the transcripts of (1) Defendant's employee Caroline Isenberg, and (2) Defendant's corporate representative, Scott Mull. ECF No. *Id*. Both depositions occurred less than 30 days before Plaintiff's Response was filed. Defendant correctly notes that Plaintiff should have be treated those depositions as confidential during that time. *Id*. Defendant also asserts that Plaintiff was on notice of the confidentiality of the depos because upon receipt of the transcript, Defendant emailed Plaintiff's counsel designating the entire Isenberg deposition as confidential. *Id*., ECF No. 52-2 at 2. Defendant says that it requested to seal the entire deposition over privacy concerns after learning that the court reporter had taken a photo of the witness without permission. The court reporter apparently sent the picture to her mother-in-law because she looked like the deponent. *Id*. at 3.

Plaintiff's Response also included the expert report of Frederick Bingham as an exhibit. ECF No. 45-1 at 36. That report cited the deposition transcripts and various parts of Defendant's internal claims handling guidebooks, which had been designated confidential. *Id*.; ECF No. 52 at 3.

Plaintiff's filing set off a series of discussions between the parties, which resulted in a narrowing of the confidentiality designations and prompt removal of the materials from the

public docket. Plaintiff filed a Motion to Seal within one business day of filing its original Response. *Id*. at 4, ECF No. 46. Defendant then modified its confidential designation for the depositions and provided specific confidentiality designations by page and line. ECF No. 52 at 4, ECF No. 52-3 at 5-6. None of Defendant's narrower, revised confidential designations were included in the exhibits attached to Plaintiff's Response.

Defendant also asserts that Plaintiff violated the Protective Order a second time when it filed Plaintiff filed its Response to Defendant's Motion to Compel Appraisal three days later. Plaintiff's Response included copies of the same documents in dispute—the Isenberg and Mull deposition transcripts, and the Bingham expert report. ECF No. 52 at 5. Defendant properly notes that the 14-day window (from the time Plaintiff lodged its objection) to file a Motion to preserve the challenged confidentiality designations had not passed, and therefore the material still should have been handled as confidential. Defendant cannot identify specific harm, but argues that irreparable harm likely occurred because a property insurance law firm wrote a blog post about Plaintiff's Response. ECF No. 52 at 6, ECF No. 52-5. The Court's review of that post, however, shows it to simply recite the facts cited in the Motion, and has no discussion of—or reference to—the supposedly confidential materials.

At the August discovery hearing, Plaintiff's counsel informed the Court that it did not respond to Defendant's Motion because "they thought they had taken care of all of the concerns." FTR 10:50:00. Plaintiff's counsel asserted they did not believe the depositions to be confidential, particularly because the insurance claim file for this matter was not marked confidential, and that as soon as Defendant raised concerns, the materials were quickly corrected and sealed. *Id*., ECF No. 51. At the hearing, the parties announced that they had reached an

agreement on the preservation of confidential information, but Defendant stated that it was still requesting sanctions for Plaintiff's conduct. FTR 10:53:00.

The Court finds that Plaintiff's counsel's conduct in this matter was far less egregious than the conduct of counsel in *Smith & Fuller*, the only caselaw cited by Defendant. ECF No. 52 at 6. There, the Fifth Circuit upheld an award of attorney's fees as sanctions for the breach of a protective order when the plaintiff disseminated Defendant's confidential materials on compact disks to a group of personal injury lawyers attending a conference specifically geared toward the defendant. *Smith & Fuller*, 685 F.3d at 487. There was concrete evidence of harm when a third-party used that confidential information in a different lawsuit against the defendant.. *Id*. This was after the plaintiff had willfully violated a similar protective order against the defendant in a prior case. *Id*. at 588. Such conduct was egregious and nothing like the conduct before this Court.

The Court finds the facts here do not warrant sanctions. The record before the Court shows that shortly after Plaintiff was notified of the disclosures, it took prompt action to rectify the situation. ECF Nos. 50, 51. Correspondence from Plaintiff's counsel, attached as exhibits to the Motion, demonstrate that Plaintiff's counsel was confused about what information was confidential. ECF No. 52-6 at 2. There is no indication that Plaintiff acted with any intent to disclose Defendant's trade secrets or to gain a tactical advantage. Finally, there is no evidence that Defendant's has been harmed in any way. The only harm Defendant refers to—the blog post—does not recite anything of a confidential nature. Unlike in *Smith & Fuller*, there is no need for Defendant to investigate, to claw back documents from third parties, or to defend new lawsuits from third parties. The Court considers Plaintiff's uploading of the confidential documents to be inadvertent. Plaintiff's counsel is cautioned to adhere closely to the Protective Order as future violations are unlikely to be considered inadvertent.

# IV.    CONCLUSION

Defendant's Motion for Sanctions (ECF No. 52) is **DENIED**.


SIGNED this 28th day of March, 2025.


DEREK T. GILLILAND
UNITED STATES MAGISTRATE JUDGE